IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED
IN OPEN COURT
APR 15 2019
CLERK U.S. DISTRICT COURT
Newport News

UNITED STATES OF AMERICA

v. CRIMINAL NO. 4:19CR20

LON DEVIN PROPHETT

**STATEMENT OF FACTS**

If the United States were to try this case, the evidence that would be proved beyond a reasonable doubt would be:

On September 21, 2017, Jane Doe #1, a 16 year old Hanover County, Virginia, high school student reported an incident to a school resource officer with the Hanover County Sheriff's Office. Jane Doe #1 told the officer that she had been chatting online over MeetMe and Kik, with someone whom she believed to be a 17 or 18-year-old male and that he was "blackmailing" her. During the online chats, at the request of what turned out to be the defendant, LON DEVIN PROPHETT, Jane Doe #1 sent several nude images and a video of herself engaging in masturbatory type activities. Jane Doe #1 provided her Apple iPod Touch 6 to the officer. The school resource officer observed the chats and the nude images.

Investigator D.P. Klisz, with the Hanover County Sheriff's Office began investigating the case. He found that the chats between Jane Doe #1 and the defendant were dated August 29, 2017 through September 21, 2017. These chats included the defendant asking Jane Doe #1 to send him pictures of her nude body. In addition, he repeatedly tells Jane Doe #1 to "make me hard", and "make me cum". He also tells her repeatedly what type of image to send him, such as her vagina and to play with herself. Through the course of the investigation, Investigator Klisz

identified the defendant as residing on Traverse Road, in an apartment in Newport News, Virginia. This was accomplished through administrative subpoenas served on Kik Interactive, Inc., Verizon Internet Services, and Sprint.

On November 6, 2017, Federal Bureau of Investigation task force agent ( FBI TFA) Heather Call and Investigator Klisz, executed a state search warrant for the search of PROPHETT's apartment, located on Traverse Road. PROPHETT was present during the search and consented to an interview with Investigator Klisz. Investigator Klisz asked PROPHETT if he would like to speak privately with him, and PROPHETT agreed. Investigator Klisz told PROPHETT he was not under arrest. Four items of electronic evidence were seized from the apartment. A summary of the interview is as follows: he confessed to chatting with Jane Doe #1 on Kik Messenger and obtaining sexually explicit images and video from her. He admitted that he knew that Jane Doe #1 was a juvenile. He further admitted that he had a Dropbox account with child pornography and that he allowed other people to send him images. He further stated that he didn't have any plans to expose Jane Doe #1's pictures to anyone else even though he threatened to do so.

A forensic examination was conducted on the defendant's Apple iPhone. The chats with Jane Doe#1 were found. In addition, Investigator Klisz found other Kik chats, to include Jane Doe #2 who resides in the state of California. Investigator Klisz found 68 images and videos of Jane Doe #2, which were mostly pornographic. These chats were dated from October 10, 2017 through October 29, 2017. Furthermore, on October 15, 2017, the defendant distributed four videos of Jane Doe #2 on Kik to another user.

Jane Doe #2 was identified as a 17-year old female from Lakewood, California. FBI agents in California interviewed her. She admitted that she had been chatting with the defendant

over Kik and sending him nude images of herself, along with numerous sexually explicit videos, including sex acts with her dog. She told the agents that the defendant was supposed to pay her for the images and videos, however, he never did.

A federal search warrant was obtained for the defendant's Dropbox account. Over 60 videos of child pornography were found.

The defendant was indicted on March 12, 2019. FBI agents arrested him on March 15, 2019. He was given his *Miranda* rights, waived them, and agreed to speak with agents. PROPHETT was shown some chats with Jane Doe #2. He admitted that he engaged in these chats and never paid Jane Doe #2 for the images or videos. He was asked about his Dropbox account. He told the agents that he used the Dropbox account to be able to share images with other users. He explained that he would share with other users by creating links to provide other users in order for them to upload images into PROPHETT's account.

The defendant admits that between the dates of August 30, 2017 to September 1, 2017, that he persuaded Jane Doe #1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant admits that the images of Jane Doe #1 that she sent to him were sexually explicit conduct, specifically, the images depicted the lascivious exhibition of the genitals or pubic area of Jane Doe #1, as defined by Title 18 U.S.C. §2256(2)(A)(v) and (8). Further, the defendant admits that he knew that such visual depiction would be transported using a facility of interstate commerce. The defendant also admits that these images were produced using materials that had been mailed, shipped and transported in interstate commerce or foreign commerce, including by computer. Finally, the defendant admits that the cell phone used for the production of the images was manufactured outside the Commonwealth of Virginia.

On October 10, 2017, the defendant admits that he received the following image that depicts child pornography as detailed in Count 6 of the Indictment. Specifically, the defendant admits that he knowingly received within the Eastern District of Virginia, a visual depiction, to wit: a video" entitled "8b9143ce-5f80-474c-a598-02c3e38c0dd3", depicting a pubescent female child engaging in sexually explicit conduct, specifically, actual and simulated bestiality. The defendant admits that the image had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer. The defendant further admits that the image, constitutes "child pornography" as defined in Title 18, United States Code, § 2256 (2)(A)(B) and (8). Finally, the defendant admits that the production of the image involved the use of a minor and that this is an image of Jane Doe #2, age 17 at the time of the offense.

These events occurred in the Eastern District of Virginia and elsewhere.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: ______________________________
Lisa R. McKeel
Assistant United States Attorney
VA Bar No. 28652
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
(757) 591-4000

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, and the United States, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

X ______________________________
LON DEVIN PROPHETT

4/15/19
Date

I am LON DEVIN PROPHETT's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

______________________________
Kirsten R. Kmet, Esq.
Assistant Federal Public Defender
Counsel for defendant

4/15/19
Date



